ANDERSON CHENAULT v. ESTELLE CHENAULT.

[Abstract Kentucky Law Reporter, Vol. 7—520.]

**Construction of Terms of Will.**

> A testator by his will provided that a portion of his estate be set apart for a grandchild, but provided that it should be held by his executors and loaned out and made profitable "until she marries or arrives at the age of twenty-one years, in either of these events the fund shall be invested in land conveyed to her for her sole and separate use during her life and at her death to the heirs of her body." It is held that the income of such fund when required may be paid to maintain the child before the happening of either her marriage or arrival at twenty-one years of age.

### APPEAL FROM MADISON CIRCUIT COURT.

January 23, 1886.

OPINION BY JUDGE PRYOR:

This case is appealed to this court upon the idea that the question involves the title to the entire estate devised by Cabel Chenault to his granddaughter, Estelle. The father of Estelle died, leaving his wife and Estelle, his only child, surviving him, and an estate the income of which is not sufficient to support the two.

The grandfather of Estelle, dying after his son, made this devise to Estelle: "If my granddaughter, Estelle Chenault, is living at the time of my wife's death, I devise that a share of my estate equal to that of each of my children, taking into consideration the advancements which I have made to her father and any advancements which may be made to her by my wife, shall be set apart for her. But the same shall be held by my executors and loaned out and made profitable, until she marries or arrives at the age of twenty-one years; in either of these events the fund shall be invested in land conveyed to her for her sole and separate use during her life and at her death to the heirs of her body," etc., further providing that if she leave no heirs of her body the estate should revert to the heirs of the devisor.

The testator's wife is now dead and the share of his estate set apart for Estelle in the hands of his executors. It is claimed by Estelle and those representing her that, having no estate for her

support and maintenance but the devise to her by her grandfather, she is entitled to a portion of the income from the executors of her grandfather's will or the trustee of the fund set apart for her for that purpose. The executor or trustee wants a construction of the will, insisting by his counsel that no allowance can be made Estelle out of this fund until she marries or arrives at age. The chancellor below made an allowance of $250 per annum out of the income of the fund devised to her for her support and education, to be paid in installments, etc. We think the judgment below was proper.

It is insisted that no estate vested in Estelle by the provision of the will in question. A share of the testator's estate was devised directly to Estelle, that is, was directed to be set apart for her, but to be held by his executors and loaned out and made profitable until she marries or arrives at age, and then to be invested in land, etc. The devise was to Estelle of this share, to be held by the executors and made profitable. Who for, the devisees in remainder who had not been ascertained, or for Estelle, the life tenant? The estate itself could not be disposed of because Estelle was only a life tenant, but the profits of this estate were not to be withheld from her, such as might be necessary for her support and education, nor does the will bear that construction. The executors were directed to make the estate profitable and loan it out until she married or became of full age, and then invest it. It was the duty of the trustee to make the fund profitable without this direction in the will, and when enjoined to do so by the testator he did not prohibit the use of the profits when necessary for the support of the child. The right of the estate for life had vested, with no restriction of the enjoyment of the profits by the life tenant, except that in this regard she was subject to the control of the trustee. All the trustee has to do is to make the fund profitable, loan it out and invest it in land on the happening of certain events, but not to deprive the life tenant of the income if necessary for her support. His leading desire was to make all of the children equal, including the children of those who had died.

Estelle was of tender years with no one to manage her estate, either to make it profitable or to invest it, and in order that this might be done he placed her share in the hands of his executors for that express purpose, but not to deprive her of the means of living,

by requiring the fund with all of its interest to be held together and invested when she arrived at age or married. Such a construction is not in accordance with the affection he manifested for his children and grandchildren, and his purpose to make all equal in the division and distribution of his estate. The prime object of his bounty was the grandchild, and to secure her the benefit of the fund while too young to control it he placed it in the hands of those who were capable and trustworthy trustees. Any other construction would make the testator more interested in securing the fund to remote heirs or devisees than to the grandchild then living. A reasonable part of the income of the trust fund was properly required to be applied to the support and education of the infant. Nor is this in opposition to the desire of the trustee whose duty it is to execute the trust.

Judgment *affirmed*.

*C. F. & A. R. Burnam, for appellant.*

*W. B. Smith, for appellee.*